This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42265**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERIC RAY BONILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard Jacquez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, convicting him of battery on a peace officer and simple battery. Unpersuaded by Defendant's docketing statement, we issued a notice proposing to summarily affirm. Defendant has responded to our notice with a combined motion to amend the docketing statement and memorandum in opposition. For the reasons that follow, we deny the motion to amend and affirm.

**{2}** Defendant's motion to amend the docketing statement seeks to add the contention that the district court erred by refusing defense counsel's requested instruction of battery on a peace officer, which would explain what may constitute a "meaningful challenge to authority." [MIO 3-7]

**{3}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{4}** Defendant's motion does not quote the instruction he tendered in district court to define "meaningful challenge to authority," and no requested instruction appears in the record. *See* Rule 5-608(B), (D) NMRA (requiring requested instructions on an issue to be tendered in writing). Defendant suggests the jury instructions should have required a finding that "the officer's actual ability to act or carry out his duties was impaired or undermined" or the instructions, at least, should have explained that "more than an affront to dignity" was required. [MIO 4-5] Our case law does not support defining "meaningful challenge to authority" for the jury. Rather, our case law has consistently refused to define "meaningful challenge to authority," intentionally leaving it to the "collective common sense and wisdom" of the jury to identify it within the factual context of the case before it. *See State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851; *State v. Cooper*, 2000-NMCA-041, ¶ 6, 129 N.M. 172, 3 P.3d 149. Additionally, our case law has held that when a defendant challenges the element of unlawfulness, the district court must include in the battery-on-a-peace-officer instruction language requiring the jury to find that the charged conduct "r[ose] to the level of an 'actual injury, actual threat to safety, or meaningful challenge to authority.'" *Jones*, 2000-NMCA-047, ¶ 6 (quoting *State v. Padilla*, 1997-NMSC-022, ¶¶ 6-7, 123 N.M. 216, 937 P.2d 492 (treating the terms "meaningful challenge to authority" as encompassing the view that more is required than "mere affronts to personal dignity")). Here, the jury instruction was clear, accurate, and written in accordance with our case law and the uniform jury instructions. [RP 183] *See* UJI 14-2211 NMRA. For these reasons, we deny Defendant's motion to amend the docketing statement on grounds that the issue is not viable.

**{5}** Defendant's memorandum in opposition to our notice continues to pursue both of the issues in the docketing statement. First, Defendant maintains that the State presented insufficient evidence to establish that his conduct was a meaningful challenge to the officer's authority. [MIO 7-10] Second, Defendant maintains that the district court erred by restricting defense counsel's cross-examination regarding the officers' failure to

follow department policy on informing suspects why they are being detained. [MIO 10-12]

**{6}** The contentions in Defendant's memorandum in opposition are based on the same theories as those in the docketing statement and do not specifically point out factual or legal flaws in our proposed analysis. This is insufficient to demonstrate error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For the reasons discussed in our notice, we remain unpersuaded.

**{7}** Based on the foregoing, we deny the motion to amend and affirm the district court's judgment and sentence.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**